COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
  
  
 IN RE
  
  
 JOBE CONCRETE PRODUCTS, INC.,
  
  
 RELATOR
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  '
 
 
 
  
  
  
                  No. 08-02-00365-CV
  
 AN ORIGINAL
 PROCEEDING 
  
 IN MANDAMUS
  
  
  
  
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


OPINION ON PETITION FOR WRIT OF MANDAMUS

This
is an original proceeding in mandamus.  Jobe Concrete Products, Inc., Relator, seeks a writ of
mandamus requiring the trial court to vacate its order granting Evelina Ortega=s
motion for protective order.  For the
reasons stated below, we deny relief.

STANDARD OF REVIEW

Mandamus
will lie only to correct a clear abuse of discretion.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding). 
Moreover, there must be no other adequate remedy at law.  Id.

1.  Clear abuse of discretion








An
appellate court rarely interferes with a trial court's exercise of
discretion.  A clear abuse of discretion
warranting correction by mandamus occurs when a court issues a decision which
is without basis or guiding principles of law. 
See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding).  With respect
to resolution of factual issues or matters committed to the trial court=s discretion, the reviewing court may
not substitute its judgment for that of the trial court.  Walker, 827 S.W.2d at
839-40.  The relator
must therefore establish that the trial court could reasonably have reached
only one decision.  Id.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827 S.W.2d at 840.

2.  No adequate remedy by appeal

An
appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate.  Street v. Second Court of Appeals, 715 S.W.2d
638, 639-40 (Tex. 1986) (orig. proceeding). 
Mandamus will not issue where there is Aa
clear and adequate remedy at law, such as a normal appeal.@ 
Walker, 827 S.W.2d at 840, (quoting State v. Walker, 679
S.W.2d 484, 485 (Tex. 1984)).  Mandamus
is intended to be an extraordinary remedy, available only in limited
circumstances.  The writ will issue Aonly in situations involving manifest
and urgent necessity and not for grievances that may be addressed by other
remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989) (quoting James Sales, Original Jurisdiction of
the Supreme Court and the Courts of Civil Appeals of Texas in Appellate
Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979])).

                 APPLICATION
OF THE LAW TO THE FACTS BEFORE THE COURT








The
record before us does not reflect that the trial court clearly abused its
discretion by entering the order granting Ortega=s
motion for protective order. 
Accordingly, we deny the relief requested in the petition for mandamus.

October 3, 2002

 

 

RICHARD BARAJAS, Chief Justice

 

 

Before
Panel No. 2

Barajas,
C.J., McClure, and Chew, JJ.