COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

                                                                              )                          No. 
08-02-00528-CV

IN RE:  MARY LINDA McCALL,                       )

                                                                              )                 AN ORIGINAL PROCEEDING

Relator.                  )

                                                                              )                             IN MANDAMUS

                                                                              )

                                                                              )

 

MEMORANDUM
OPINION ON PETITION FOR WRIT OF MANDAMUS

 

This
is an original proceeding in mandamus. 
Mary Linda McCall, Relator, seeks a writ of mandamus requiring the trial
court to conduct an evidentiary hearing and permit discovery of certain legal
invoices.  On December 12, 2002, we
entered an order staying all proceedings in the trial court pending further
order of this Court.  For the reasons
stated below, we deny relief and set aside our prior order staying the
proceedings in the trial court.

STANDARD OF REVIEW

Mandamus
will lie only to correct a clear abuse of discretion.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992)(orig. proceeding).  Moreover,
there must be no other adequate remedy at law. 
Id.

1.  Clear abuse of discretion








An
appellate court rarely interferes with a trial court's exercise of
discretion.  A clear abuse of discretion
warranting correction by mandamus occurs when a court issues a decision which
is without basis or guiding principles of law. 
See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985)(orig. proceeding).  With respect to
resolution of factual issues or matters committed to the trial court=s discretion, the reviewing court may
not substitute its judgment for that of the trial court.  Walker, 827 S.W.2d at 839-40.  The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id. 
Even if the reviewing court would have decided the issue differently, it
cannot disturb the trial court=s
decision unless it is shown to be arbitrary and unreasonable.  Id. 
With respect to a trial court=s
determination of the legal principles controlling its ruling, the standard is
much less deferential.  A trial court has
no Adiscretion@
in determining what the law is or applying the law to the facts.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion, and
may result in appellate reversal by extraordinary writ.  Walker, 827 S.W.2d at 840.

2.  No adequate remedy by appeal

An
appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate.  Street v.
Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding).  Mandamus will not issue
where there is Aa clear
and adequate remedy at law, such as a normal appeal.@  Walker, 827 S.W.2d at 840, quoting
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989)(quoting James Sales, Original Jurisdiction
of the Supreme Court and the Courts of Civil Appeals of Texas, in Appellate
Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).








APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

The
record before us does not reflect that Relator is entitled to mandamus
relief.  Accordingly, we deny the relief
requested in the petition for mandamus and set aside our order of December 12,
2002 which stayed all proceedings in the trial court.

 

 

January 9, 2003

                                                                         


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.