Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

IN RE: THE COUNTY OF EL PASO,
)
 No. 08-03-00190-CV

)
 

 Relator,
)
 AN ORIGINAL PROCEEDING 

)


)
 IN MANDAMUS

)



OPINION ON PETITION FOR WRIT OF MANDAMUS


 This is an original proceeding in mandamus. The County of El Paso, Relator, seeks a writ
of mandamus requiring the Honorable Luis Aguilar, Judge of the 120th Judicial District Court of
El Paso County, to vacate an order excluding certain testimony of Dr. Robert Bux due to an alleged
discovery violation. Relator also requests that we stay all proceedings in the trial court, including
a trial set for May 2, 2003. The Real Parties in Interest have filed a motion to dismiss or deny the
motion for emergency stay as moot. Finding that the matters before us are moot, we deny the motion
for emergency stay and the relief requested in the petition.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 (2d
Ed. 1979).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 In this mandamus proceeding, the County complains of an order entered on April 16, 2003
clarifying a prior ruling which excluded certain testimony by an expert witness, Dr. Robert Bux, due
to an alleged violation of a discovery deadline. Trial is set to begin on May 2, 2003. Since the filing
of Relator's petition and motion for emergency stay, the Real Parties in Interest have withdrawn their
objections to Dr. Bux's testimony based upon alleged untimely response to discovery deadlines. On
April 30, 2003, the trial court vacated its April 16, 2003 order. Because the trial court has vacated
its order, we conclude that the matters raised in this original proceeding are moot. Accordingly, the
relief requested in the petition for writ of mandamus and the motion for emergency stay are denied
as moot.


PER CURIAM


May 1, 2003 


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

(Barajas, C.J., not participating)


(Publish)