The Honorable John STREET, Judge et al., Relators,

v.

The SECOND COURT OF APPEALS, Respondent.

No. C–5073.

Supreme Court of Texas.

June 25, 1986.

Rehearing Denied Oct. 1, 1986.

Don Prager, Travis Alley, Fort Worth, for relators.

Strasburger & Price, E. Thomas Bishop and Mark Donheiser, Dallas, for respondent.

PER CURIAM.

The issue in this mandamus proceeding is whether the court of appeals improperly

granted mandamus relief from the trial court's award of attorney's fees as discovery sanctions, because such sanctions are subject to review on appeal after final judgment. Tex.R.Civ.P. 215(2)(b)(8) and (3). We hold that mandamus was not a proper remedy when there was an adequate remedy by appeal, and so conditionally grant the writ.

This proceeding arises out of an action to recover life insurance benefits filed by relators Kenneth L. Cremean and Jesse Covin, as independent co-executors of the Estate of Frederick L. Cremean ("Cremean"), against Lone Star Insurance Company, the real party in interest. On April 10, 1985, Cremean served written interrogatories and request for admissions on Lone Star. Lone Star then filed a "Motion to Quash and for Protective Order," asking the court to quash the interrogatories and request for admissions, or alternatively, to limit them or delay the time for answering them until after all other discovery was complete. On July 19, 1985, Cremean filed a motion to compel discovery and a motion for sanctions. There were subsequent responses and supplements to these motions. One day prior to the September 5, 1985 hearing on these motions, Lone Star filed its answers to the interrogatories and responses to the request for admissions.

In its order of September 19, 1985, the trial court held that the request for admissions be deemed admitted for all purposes. The court also sustained Cremean's motion for sanctions and ordered Lone Star to pay $1,050 as reasonable and necessary attorney's fees for preparation of the motions to compel and for sanctions. The court further ordered that if these fees were not paid by September 23, 1985, the court would "forthwith" strike Lone Star's pleadings and grant Cremean a default judgment.

Lone Star then sought mandamus review of the sanction order in the court of appeals. The court of appeals conditionally granted the writ, holding that nothing in Rule 215 restricted its right to grant mandamus review, that Lone Star lacked an adequate remedy by appeal, and that the trial court had abused its discretion in ordering sanctions against Lone Star. 703 S.W.2d 426.

Relators, the Honorable John Street and Cremean, then filed this motion for leave to file a petition for writ of mandamus. They argued that the court of appeals abused its discretion in granting mandamus relief because: (1) under Rule 215, appeal was the only proper method of review, and (2) the trial court did not abuse its discretion in imposing sanctions. Because we hold that mandamus was not a proper remedy under the circumstances of this case, we do not reach whether the sanctions were properly imposed.

While a trial court's discretion in ruling on interlocutory matters is broad, an appellate court's discretion in exercising its mandamus power is much more confined. This court spelled out the limitations on the court of appeals' use of mandamus in *Johnson v. Fourth Court of Appeals:*

> Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by law. *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). The court of appeals, therefore, acts in excess of its writ power (abuses its discretion) when it grants mandamus relief absent these circumstances.

700 S.W.2d 916, 917 (Tex.1985). Thus, the court of appeals exceeded its writ power if Lone Star has an adequate remedy by appeal.

Here, Rule 215(1)(d), (2)(b)(8) and (3) all provide that sanctions for abuse of discovery are subject to review on appeal after final judgment. Rule 215(2)(b)(8) and (3) also authorize the trial court's imposition of attorney's fees to be paid by a date certain. The court of appeals concluded that Lone Star lacks an adequate remedy by appeal because it must either pay up or risk a default judgment; if Lone Star pays up, it "may or may not" recover its money on appeal. The uncertainty of recovering the money on appeal, however, is simply not a sufficient reason for the appellate

court's interference with the pre-trial stages of this action. This is not a case where the trial court has sought to compel disclosure of privileged material. *See Smith v. White*, 695 S.W.2d 295 (Tex.App. —Houston [1st Dist.] 1985) (original proceeding).

The holding of the court of appeals is contrary to Rule 215, Tex.R.Civ.P., and our holding in *Johnson v. Fourth Court of Appeals*. We therefore grant Cremean's motion for leave to file petition for writ of mandamus and, without hearing oral argument, conditionally grant the writ of mandamus. Tex.R.Civ.P. 483. The writ will issue only if the court of appeals does not vacate its mandamus judgment.