COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

IN RE:  TEXACO EXPLORATION AND           )

PRODUCTION, INC., CHEVRON
USA, INC., )

EXXON MOBIL CORPORATION,                    )                         No.
08-02-00445-CV

APACHE CORPORATION,                                )     

BURLINGTON OIL & GAS
COMPANY,          )                 AN ORIGINAL PROCEEDING

BURLINGTON RESOURCES, INC.,
and           )

DEVON ENERGY PRODUCTION CO.,            )                             IN
MANDAMUS

                                                                              )

Relators.                            )

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 

This
is an original proceeding in mandamus. 
Texaco Exploration and Production, Inc., Chevron Usa, Inc., Exxon Mobil
Corporation, Apache Corporation, Burlington Oil & Gas Company, Burlington
Resources, Inc., and Devon Energy Production Co., Relators, seek a writ of
mandamus requiring the trial court to vacate its August 19, 2002 order denying
their plea to the jurisdiction.  For the
reasons stated below, we deny relief.

STANDARD OF REVIEW

Mandamus
will lie only to correct a clear abuse of discretion.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992)(orig. proceeding).  Moreover,
there must be no other adequate remedy at law. 
Id.

1.  Clear abuse of discretion








An
appellate court rarely interferes with a trial court=s
exercise of discretion.  A clear abuse of
discretion warranting correction by mandamus occurs when a court issues a
decision which is without basis or guiding principles of law.  See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding).  With respect to resolution of factual issues
or matters committed to the trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d
at 839-40.  The relator must therefore
establish that the trial court could reasonably have reached only one
decision.  Id.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827
S.W.2d at 840.

2.  No adequate remedy by appeal








An
appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate.  Street v.
Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding).  Mandamus will not issue
where there is Aa clear
and adequate remedy at law, such as a normal appeal.@  Walker, 827 S.W.2d at 840, quoting
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989)(quoting James Sales, Original Jurisdiction of
the Supreme Court and the Courts of Civil Appeals of Texas in Appellate
Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

The
record before us does not reflect that the trial court could reasonably have
reached only one decision in deciding Relators=
plea to the jurisdiction.  Further,
Relators have failed to establish that they do not have an adequate remedy by
appeal.  Accordingly, we deny the relief
requested in the petition for writ of mandamus.

 

 

December 19, 2002

                                                                        


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)