COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )             
No.  08-02-00514-CV

                                                                              )

IN RE:  SUSAN B. AGUILAR                             )     AN
ORIGINAL PROCEEDING

                                                                              )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION ON WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus.  Susan
B. Aguilar, Relator, seeks a writ of mandamus requiring the trial court to
vacate two orders striking her expert witnesses.  For the reasons stated below, we deny relief.

STANDARD OF REVIEW

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig.
proceeding).  Moreover, there must be no
other adequate remedy at law.  Id.

1.  Clear abuse of discretion








An appellate court
rarely interferes with a trial court=s
exercise of discretion.  A clear abuse of
discretion warranting correction by mandamus occurs when a court issues a
decision which is without basis or guiding principles of law.  See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding).  With respect to resolution of factual issues
or matters committed to the trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d
at 839-40.  The relator must therefore
establish that the trial court could reasonably have reached only one
decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by extraordinary
writ.  Walker, 827 S.W.2d at 840.

2.  No adequate remedy by appeal

An appellate court
will deny mandamus relief if another remedy, usually appeal, is available and
adequate.  Street v. Second Court of
Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig. proceeding).  Mandamus will not issue where there is Aa clear and adequate remedy at law,
such as a normal appeal.@  Walker, 827 S.W.2d at 840, quoting
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction
of the Supreme Court and the Courts of Civil Appeals of Texas, in Appellate
Procedure in Texas, '
1.4(1)(b) at 47 (2d Ed. 1979).








APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

The record before
us does not reflect that mandamus relief is appropriate.  Accordingly, we deny the relief requested in
the petition for mandamus.

 

 

 

January
16, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.