Becker v. State












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE:



COTTONDALE HOLDINGS LTD.,



RELATOR
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-03-00070-CV



An Original Proceeding 


in Mandamus







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 This is an original proceeding in mandamus. Cottondale Holdings Ltd., seeks a writ
of mandamus requiring the trial court to dissolve a writ of attachment. For the reasons stated
below, we deny relief.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate
remedy at law. Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear
abuse of discretion warranting correction by mandamus occurs when a court issues a decision
which is without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). With respect to resolution of factual
issues or matters committed to the trial court's discretion, the reviewing court may not
substitute its judgment for that of the trial court. Walker, 827 S.W.2d at 839-40. The relator
must therefore establish that the trial court could reasonably have reached only one decision. 
Id. Even if the reviewing court would have decided the issue differently, it cannot disturb
the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. With
respect to a trial court's determination of the legal principles controlling its ruling, the
standard is much less deferential. A trial court has no "discretion" in determining what the
law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or
apply the law correctly will constitute an abuse of discretion, and may result in appellate
reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex.
1986) (orig. proceeding). Mandamus will not issue where there is "a clear and adequate
remedy at law, such as a normal appeal." Walker, 827 S.W.2d at 840, (quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984)). Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances. The writ will issue "only in situations
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies." Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989)
(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil
Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 The record before us does not reflect that the trial court clearly abused its discretion
by issuing the writ of attachment. Accordingly, we deny the relief requested in the petition
for mandamus.

April 10, 2003



 _______________________________________ RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Larsen, J. not participating)