Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





IN RE: AGE INDUSTRIES, LTD.,


 Relator.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-03-00119-CV



AN ORIGINAL PROCEEDING 


IN MANDAMUS







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 This is an original proceeding in mandamus. AGE Industries Ltd., Relator, seeks a
writ of mandamus requiring the trial court to compel arbitration. For the reasons stated
below, we deny relief. We also deny Relator's motion to stay proceedings as moot.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other
adequate remedy at law. Id.


1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A
clear abuse of discretion warranting correction by mandamus occurs when a court issues a
decision which is without basis or guiding principles of law. See Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). With respect to
resolution of factual issues or matters committed to the trial court's discretion, the
reviewing court may not substitute its judgment for that of the trial court. Walker, 827
S.W.2d at 839-40. The relator must therefore establish that the trial court could
reasonably have reached only one decision. Id. at 840. Even if the reviewing court would
have decided the issue differently, it cannot disturb the trial court's decision unless it is
shown to be arbitrary and unreasonable. Id. With respect to a trial court's determination
of the legal principles controlling its ruling, the standard is much less deferential. A trial
court has no "discretion" in determining what the law is or applying the law to the facts. 
Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute
an abuse of discretion, and may result in appellate reversal by extraordinary writ. Id.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is
available and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex.
1986) (orig. proceeding). Mandamus will not issue where there is "'a clear and adequate
remedy at law, such as a normal appeal.'" Walker, 827 S.W.2d at 840 (quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984)). Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances. The writ will issue "'only in situations
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies.'" Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989)
(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil
Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 The record before us does not reflect that the trial court clearly abused its
discretion by entering the order denying the motion to compel arbitration. Accordingly,
we deny the relief requested in the petition for mandamus. We deny Relator's
accompanying motion to stay proceedings as moot.


 SUSAN LARSEN, Justice

May 8, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.