Becker v. State

















COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS











IN RE: CIMARRON
AGRICULTURAL, LTD., 





RELATOR.

§


 


§


 


§


 


§


 


§


 


 § 






No. 08-03-00215-CV

 

An Original Proceeding 



in Mandamus










OPINION ON PETITION FOR WRIT OF MANDAMUS


 This is an original proceeding in mandamus. Cimarron Agricultural Ltd., Relator, seeks a writ of mandamus requiring
the trial court to vacate an order disqualifying Kemp Smith LLP from representing Cimarron in a suit pending in the
205th District Court, styledGuitar Holding Company, L.P. v. Hudspeth County Underground Water Conservation
District No. 1. Finding no clear abuse of discretion, we deny relief.





STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting
correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. See
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of
factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment
for that of the trial court. Walker, 827 S.W.2d at 839-40. The Relator must therefore establish that the trial court
could reasonably have reached only one decision. Id. Even if the reviewing court would have decided the issue
differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. With
respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. 
A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by
the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate
reversal by extraordinary writ. Walker, 827 S.W.2d at 840.



2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. Street v.
Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig. proceeding). Mandamus will not issue where
there is "a clear and adequate remedy at law, such as a normal appeal." Walker, 827 S.W.2d at 840 (quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary remedy, available only in
limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for
grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex.
1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in
Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 The record before us does not reflect that the trial court clearly abused its discretion by disqualifying Kemp Smith
from representing Cimarron in the underlying suit. Accordingly, we deny the relief requested in the petition for
mandamus. Further, our order dated May 12, 2003, which stayed the disqualification order, expires by its own terms
on May 16, 2003.

May 16, 2003

PER CURIAM



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.