COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )             
No.  08-03-00227-CV

                                                                              )

IN RE: TEXAS-NEW MEXICO
PIPELINE         )     AN ORIGINAL PROCEEDING

COMPANY                                                          )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION ON WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus. 
Texas-New Mexico Pipeline Company, Relator, seeks a writ of mandamus
requiring the trial court to vacate an order denying arbitration and to order
arbitration.  For the reasons stated
below, we deny relief. 

STANDARD OF REVIEW

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig.
proceeding).  Moreover, there must be no
other adequate remedy at law.  Id.

Clear
abuse of discretion








An appellate court
rarely interferes with a trial court's exercise of discretion.  A clear abuse of discretion warranting
correction by mandamus occurs when a court issues a decision which is without
basis or guiding principles of law.  See
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig.
proceeding).  With respect to resolution
of factual issues or matters committed to the trial court=s discretion, the reviewing court may
not substitute its judgment for that of the trial court.  Walker, 827 S.W.2d at 839-40.  The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827
S.W.2d at 840.

No
adequate remedy by appeal

An appellate court
will deny mandamus relief if another remedy, usually appeal, is available and
adequate.  Street v. Second Court of
Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig. proceeding).  Mandamus will not issue where there is Aa clear and adequate remedy at law,
such as a normal appeal.@  Walker, 827 S.W.2d at 840, quoting
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, ' 1.4(1)(b) at 47 (2d Ed. 1979).








APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

The record before
us does not reflect that the trial court clearly abused its discretion by
entering the order denying arbitration. 
Accordingly, we deny the relief requested in the petition for mandamus.

 

 

 

May
29, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.