In re AMERICAN DYNASTY SUR-
PLUS LINES INSURANCE
COMPANY, Relator.

No. 08–03–00286–CV.

Court of Appeals of Texas,
El Paso.

July 3, 2003.

Jeffry H. Ray, Ray, McChristian &
Jeans, El Paso, Ray Stoker, Jr., R.C. 'Eric'
Augesen, Odessa, for Real Party In Inter-
est.

Darrell W. Corzine, Rush, Kelly, Mor-
gan, Dennis, Corzine & Hansen, Odessa,
Carl Pendergrass, Ft. Stockton, David
Jones, Beck, Redden & Secrest, Houston,
for Respondent.

John P. Mobbs, El Paso, Wade Crosnoe,
Thompson, Coe, Cousins & Irons, L.L.P.,
Dallas, for Relator.

Before Panel No. 2 BARAJAS, C.J.,
McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR
## WRIT OF MANDAMUS

ANN CRAWFORD McCLURE,
Justice.

This is an original proceeding in manda-
mus. American Dynasty Surplus Lines
Insurance Company, Relator, seeks a writ
of mandamus requiring the trial court to
vacate an order denying consolidating a
coverage suit and tort suit for all purposes
except trial. Relator also requests that we
stay the coverage suit pending resolution
of this mandamus. For the reasons stated
below, we deny relief. We also deny the
motion for temporary relief.

## STANDARD OF REVIEW

Mandamus will lie only to correct a clear
abuse of discretion. *Walker v. Packer*, 827

S.W.2d 833, 840 (Tex.1992)(orig.proceed-
ing). Moreover, there must be no other
adequate remedy at law. *Id.*

### 1. *Clear abuse of discretion*

An appellate court rarely interferes with
a trial court's exercise of discretion. A
clear abuse of discretion warranting cor-
rection by mandamus occurs when a court
issues a decision which is without basis or
guiding principles of law. *See Johnson v.
Fourth Court of Appeals*, 700 S.W.2d 916,
917 (Tex.1985)(orig.proceeding). With re-
spect to resolution of factual issues or
matters committed to the trial court's dis-
cretion, the reviewing court may not sub-
stitute its judgment for that of the trial
court. *Walker*, 827 S.W.2d at 839–40.
The relator must therefore establish that
the trial court could reasonably have
reached only one decision. *Id.* Even if the
reviewing court would have decided the
issue differently, it cannot disturb the trial
court's decision unless it is shown to be
arbitrary and unreasonable. *Id.* With re-
spect to a trial court's determination of the
legal principles controlling its ruling, the
standard is much less deferential. A trial
court has no "discretion" in determining
what the law is or applying the law to the
facts. Thus, a clear failure by the trial
court to analyze or apply the law correctly
will constitute an abuse of discretion, and
may result in appellate reversal by ex-
traordinary writ. *Walker*, 827 S.W.2d at
840.

### 2. *No adequate remedy by appeal*

An appellate court will deny mandamus
relief if another remedy, usually appeal, is
available and adequate. *Street v. Second
Court of Appeals*, 715 S.W.2d 638, 639–40
(Tex.1986)(orig.proceeding). Mandamus
will not issue where there is "a clear and
adequate remedy at law, such as a normal
appeal." *Walker*, 827 S.W.2d at 840, *quot-*

*ing State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979] ).

## APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us does not reflect that the trial court clearly abused its discretion by entering the consolidation order. Accordingly, we deny the relief requested in the petition for mandamus. We also deny the motion for temporary relief.