COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


 
 
  
  
  
 IN RE:
  
 BROTHER SAMUEL MARTINEZ,
  
 Relator.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
 
 
  
  
  
                 No.
 08-03-00361-CV
  
 AN ORIGINAL PROCEEDING 
  
 IN MANDAMUS
  
  
  
  
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


MEMORANDUM
OPINION ON PETITION FOR WRIT OF MANDAMUS

This is an original proceeding in
mandamus.  Brother Samuel Martinez seeks
a writ of mandamus requiring the trial court to vacate a discovery order
denying his motion for protective order, compelling production of certain
records, and reviewing records in camera to determine whether they are
privileged.  For the reasons stated
below, we deny relief.

STANDARD
OF REVIEW

Mandamus will lie only to correct a
clear abuse of discretion.  Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  Moreover, there must be no other adequate
remedy at law.  Id.








1.  Clear abuse of
discretion

An appellate court rarely interferes
with a trial court=s exercise of discretion. 
A clear abuse of discretion warranting correction by mandamus occurs
when a court issues a decision which is without basis or guiding principles of
law.  See Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  With respect to resolution of factual issues
or matters committed to the trial court=s discretion, the reviewing court may
not substitute its judgment for that of the trial court.  Walker, 827 S.W.2d at 839-40.  The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal
principles controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827
S.W.2d at 840.

2.  No adequate remedy
by appeal








An appellate court will deny mandamus
relief if another remedy, usually appeal, is available and adequate.  Street v. Second Court of Appeals, 715
S.W.2d 638, 639-40 (Tex. 1986) (orig. proceeding).  Mandamus will not issue where there is A>a clear and adequate remedy at law,
such as a normal appeal.=@ 
Walker, 827 S.W.2d at 840 (quoting State v. Walker, 679
S.W.2d 484, 485 (Tex. 1984)).  Mandamus
is intended to be an extraordinary remedy, available only in limited circumstances.  The writ will issue A>only in situations involving manifest
and urgent necessity and not for grievances that may be addressed by other
remedies.=@ 
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex.
1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and
the Courts of Civil Appeals of Texas in Appellate Procedure in Texas,
Sec. 1.4(1)(b) at 47 [2d Ed. 1979]).

APPLICATION
OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us does not reflect
that the trial court clearly abused its discretion by issuing the discovery
order dated July 30, 2003.  Additionally,
the mandamus proceeding is premature with respect to those documents being
reviewed in camera by the trial court as the court has not made any
further orders with respect to them. 
Accordingly, we vacate the stay orders previously entered in this
proceeding and deny the relief requested in the petition for writ of mandamus.

 

SUSAN
LARSEN, Justice

August 28, 2003

 

Before Panel No. 5

Larsen, McClure, and Wittig,
JJ.

Wittig, J., sitting by
assignment