Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: SCI TEXAS FUNERAL
SERVICES, INC., SCI FUNERAL
SERVICES, INC., AND SERVICE
CORPORATION INTERNATIONAL,


 Relators.


§



§


§


§


§



No. 08-03-00350-CV



AN ORIGINAL PROCEEDING IN
MANDAMUS





OPINION ON PETITION FOR WRIT OF MANDAMUS


 

 This is an original proceeding in mandamus. Relators argue that the trial court abused its
discretion by refusing to rule on their motion for summary judgment before discovery has been
conducted and by allowing overbroad and irrelevant discovery. We deny relief.

STANDARD OF REVIEW

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision that is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985) (orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986) (orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, (quoting State v. Walker, 679 S.W.2d 484, 485
(Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989) (quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d
Ed.1979]).


APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

 The record before us does not reflect that Relators are entitled to mandamus relief.
Accordingly, we deny the relief requested in the petition for mandamus.

September 9, 2003

 

 

 _________________________________________

 RICHARD BARAJAS, Chief Justice




Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.