COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )            
No.  08-03-00449-CV

IN RE:  FRANCISCO LIMON, ROSENDA        )

LIMON, PEDRO TORRES, and
SIERRA            )                   AN ORIGINAL

WELDING SUPPLY, INC. d/b/a
AIRMIX          )

                                                                              )     PROCEEDING IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

OPINION  ON 
PETITION  FOR  WRIT 
OF  MANDAMUS

 

This is an
original proceeding in mandamus. 
Francisco Limon, Rosenda Limon, Pedro Torres, and Sierra Welding Supply,
Inc. d/b/a Airmix, Relators, seek a writ of mandamus requiring the Honorable
Javier Alvarez, Judge, County Court at Law No. Three of El Paso County, Texas,
to vacate or rescind his order dated March 11, 2003, which found that certain
documents were privileged but fell within the crime-fraud exception.  Relators also ask that the trial court be directed
to grant their motion to seal the documents and prohibit their use by the Real
Party in Interest, to disqualify counsel, and dismiss the underlying
action.  For the reasons stated below, we
deny relief.

STANDARD OF REVIEW








Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig.
proceeding).  Moreover, there must be no
other adequate remedy at law.  Walker,
827 S.W.2d at 840.

Clear
abuse of discretion

An appellate court
rarely interferes with a trial court=s
exercise of discretion.  A clear abuse of
discretion warranting correction by mandamus occurs when a court issues a
decision which is without basis or guiding principles of law.  See Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding).  With respect to resolution of factual issues
or matters committed to the trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d
at 839-40.  The relator must therefore
establish that the trial court could reasonably have reached only one decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827
S.W.2d at 840.

No
adequate remedy by appeal








An appellate court
will deny mandamus relief if another remedy, usually appeal, is available and
adequate.  Street v. Second Court of
Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986) (orig. proceeding).  Mandamus will not issue where there is Aa clear and adequate remedy at law,
such as a normal appeal.@  Walker, 827 S.W.2d at 840, quoting
State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court and
the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas,
Sec. 1.4(1)(b) at 47 (2d Ed. 1979).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

Relators have
failed to establish that Respondent clearly abused his discretion by entering
the March 11, 2003 order.  Accordingly,
we deny the relief requested in the petition for mandamus.

It is further
ordered that the sealed original exhibits which were transmitted to this Court
pursuant to an order of the trial court for our review in connection with the
mandamus petition shall be returned to the official court reporter of the
County Court at Law No. 3.

 

 

 

December 4, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.