**In re James Lee SWEED, Relator.**

No. 08–05–00062–CV.

Court of Appeals of Texas,
El Paso.

Feb. 24, 2005.

Carmen I. Perez, Linebarger Heard Goggan Blair, Graham Pena & Sampson, L.L.P., El Paso, for Interested Party.

James Lee Sweed, Gatesville, pro se.

Gonzalo Garcia, El Paso, for Respondent.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. James Lee Sweed, Relator, seeks a writ of mandamus requiring the trial court to "perform his or her ministerial duty to bring this non-civil case to a final disposition. . . ." For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

#### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

#### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840 (quoting *State v. Walk-*

*er,* 679 S.W.2d 484, 485 (Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979] ).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us does not reflect that the trial court clearly abused its discretion in connection with any orders issued related to the case currently pending. Relator has, in fact, not identified any order or action of the trial court about which he is complaining. Accordingly, we deny the relief requested in the petition for writ of mandamus.