COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: JACK CHISUM,                                    )                  No. 08-05-00198-CV
)
                                    Relator.                            )                 AN ORIGINAL PROCEEDING
)
) IN MANDAMUS


OPINION ON PETITION FOR WRIT OF MANDAMUS
            This is an original proceeding in mandamus. Jack Chisum, Relator, seeks a writ of
mandamus requiring the trial court to “process and file without delay ‘a fact’s and conclusion’ that
ultimately led to the determinenation [sic] of dismissing plaintiffs civil action case against the
defendants under said; [sic] title texas (state) tort claim act pursuant to chapter 14, . . . and forward
such necessary copies to the plaintiff . . . .” [sic] For the reasons stated below, we deny relief.
STANDARD OF REVIEW
            Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.
1. Clear abuse of discretion
            An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court’s discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court’s decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court’s determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no “discretion” in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.
2. No adequate remedy by appeal
            An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is “a clear and adequate remedy at law, such as
a normal appeal.” Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue “only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies.” Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989) quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, § 1.4(1)(b) at 47 (2d Ed.
1979).
 

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
            The record before us indicates that Relator is pursuing an appeal in the underlying trial court
action which has been docketed by this court as 08-05-00188-CV. The underlying trial court action
involves the same matter about which the Relator requests that a mandamus be issued. Because
Relator has an adequate remedy by appeal, mandamus will not lie. Accordingly, we deny the relief
requested in the petition for mandamus.


July 7, 2005                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.