**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00174-CV

---

### IN RE MARK THUESEN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-49262**

---

## MEMORANDUM OPINION

On March 6, 2013, relator Mark Thuesen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set aside his order denying relator's request for an independent medical examination of the real party-in-interest plaintiffs and awarding $2,660 in costs against relator. Relator also filed a motion to stay trial court proceedings pending a decision on this petition. *See*

Tex. R. App. P. 52.10. On March 12, 2013, the court denied relator's motion for stay.

Relator was an owner and resident of a condominium project known as 2520 Robinhood, and he formerly served as president of the 2520 Robinhood at Kirby Condominium Association. The record in this proceeding indicates that relator, the condominium association, and its management company have been involved in several lawsuits with neighbors and members of the Houston real estate community.

Swamplot Industries, LLC operates a website, Swamplot.com, which reports on matters related to Houston real estate. Laurence Albert and his wife, Beth Brinsdon, operate Swamplot, including the website. Swamplot.com posted a number of stories related to the 2520 Robinhood lawsuits. In May 2011, relator and the condominium association filed suit against Swamplot.com. based on comments posted on the site, but the action was non-suited a few months later. In August 2012, Swamplot Industries, Albert, and Brinsdon, filed the underlying suit against relator and others, alleging malicious prosecution, defamation, and other claims.

In response to discovery, the real party-in-interest plaintiffs identified a physician as a person with knowledge about the case.[1] On January 18, 2013, relator filed motions to compel independent mental examinations of Albert and Brinsdon. *See* Tex. R. Civ. P. 204.1. The real party plaintiffs responded, asserting that relator's motion was brought for harassment and requesting attorney's fees as sanctions. The response was supported by an affidavit attesting to the reasonable

---

[1] A physician was identified in response to a request to name "[h]ealthcare professionals who have knowledge regarding the facts and circumstances surrounding the happening, incident and/or occurrence made the basis of this suit." The record does not reveal the substance of the proposed testimony, but the real party plaintiffs acknowledge that the witness is a mental health professional.

2

and necessary attorney's fees incurred in connection with relator's motions. On January 30, 2013, the trial court denied relator's motions and awarded attorney fees in the amount of $2,660 to the real party plaintiffs. The trial court denied relator's motion for reconsideration on February 18, 2013. This proceeding followed.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex. 1992). Appeal from a trial court's discovery order is not adequate if: (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) missing discovery cannot be made a part of the appellate record. *Id.* at 843.

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker*, 827 S.W.2d at 839-40.

Relator raises five issues in his petition for writ of mandamus. In issues two through five, relator challenges the award of attorney's fees as sanctions. Generally, when a trial court imposes monetary sanctions on a party, that party has an adequate remedy by appeal. *See Street v. Second Court of Appeals*, 715 S.W.2d 638, 639-40 (Tex. 1986); *see also* Tex. R. Civ. P. 215.3 (providing that an order awarding costs after finding discovery abuse is "subject to review on appeal from the final judgment"). The sanction amount in this case is not so large that it might preclude relator's ability to proceed with the litigation. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (holding that appeal is not an adequate remedy for monetary sanctions for discovery abuse ordered to be paid before final judgment if the sanctions are so severe that the party's continuation of the litigation is threatened). Relator has an adequate remedy from the award of attorney's fees by appeal after final judgment. Accordingly, we overrule issues two through five.

In his first issue, relator asserts that the trial court erroneously denied his motion for independent mental examinations and he will be denied a fair trial without these examinations. Accordingly, he asserts that he lacks an adequate remedy by appeal.

Rule 204 of the Texas Rules of Civil Procedure addresses physical and mental examinations. *See* Tex. R. Civ. P. 204.1-201.5. Under Rule 204.1, a party may move for an order compelling another party to submit to a physical or mental examination by a qualified physician or psychologist. Tex. R. Civ. P. 204.1(a)(1). To obtain a court order for a mental examination pursuant to Rule 204.1, the party seeking the order must show good cause and (1) that the mental or physical condition of a party is in controversy, or (2) that the responding party has designated a psychologist as a testifying expert or disclosed a psychologist's records for potential use at trial. Tex. R. Civ. P. 204.1(c).

4

The Texas Supreme Court established criteria for compelling a party to submit to a mental examination in *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex. 1988) (addressing former Rule of Civil Procedure 167a, the predecessor to Rule 204.1). First, the party's mental condition must be "in controversy." [2] *Id.* The Court made it clear that a "routine" allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. *Id.* at 753. A claim for mental anguish or emotional distress will not, standing alone, make a plaintiff's mental or emotional condition a part of the plaintiff's claim. *Id.* The mere pleading of mental anguish is inadequate to establish the necessity of a plaintiff's submission to an independent psychiatric exam; the plaintiff must assert a mental injury that exceeds the common emotional reaction to an injury or loss. *See id.* at 752 (rejecting assertion that plaintiff's mental condition was in controversy, stating that she had not alleged a "permanent mental injury nor any deep seated emotional disturbance or psychiatric problem"). In this case, relator has failed to show that plaintiff is claiming more than routine mental anguish or emotional distress.

Moreover, good cause for the compelled examination must also be shown. *See* Tex. R. Civ. P. 204.1(c). The "good cause" element requires a balancing of the competing interests of the party's right of privacy and the movant's right to a fair trial. *See Coates,* 758 S.W.2d at 753. First, an examination must be relevant to issues that are genuinely in controversy in the case. *Id.* It must be shown that the requested examination will produce, or is likely to lead to, evidence of relevance to the case. *Id.* Second, a party must show a reasonable nexus between the condition in controversy and the examination sought. *Id.* Finally, a movant must demonstrate

---

[2] Former Rule 167a similarly required that the party's mental condition be "in controversy." *See In re Transwestern Pub. Co., LLC,* 96 S.W.3d 501, 506 (Tex. App.—Fort Worth 2002, orig. proceeding).

that it is not possible to obtain the desired information through means that are less intrusive than a compelled examination. *Id.* Relator has not made that showing.

The real party plaintiffs argued below that their case primarily involves a purportedly fraudulent lawsuit and defamation, and these causes of action do not require a psychiatric examination to be proven. Thus, they argued that relator's request cannot pass either the first or second prongs of the test set forth in *Coates*. The real parties asserted that relator's request also fails under the third prong of the test because they have disclosed a medical provider who can attest to their mental condition. Relator is entitled to seek discovery from their identified medical providers. Relator has not established that discovery from the identified medical professional will be insufficient. The privacy interests of the real party plaintiffs require relator to exhaust less intrusive means of discovery before seeking compulsory mental examinations. *See Coates,* 758 S.W.2d at 753. The record in this proceeding demonstrates that discovery is in the early stages. The real parties expressly stated that their discovery responses would be supplemented, and any testifying experts would be identified.[3]

The scope of discovery is a matter of trial court discretion. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Relator has not established that the trial court abused its discretion. In addition, relator has not established that the denial of mental examinations severely compromises his ability to present his defense and makes appeal inadequate. *See In re Ford Motor Co.* 988 S.W.2d 714, 722 (Tex.

---

[3] We disagree with relator's contention that the real parties have "designated" the physician witness as a testifying expert. The real party plaintiffs' stated in their discovery response: "One or more of Plaintiffs' health care providers identified above may be called to testify about any medical condition, its cause, future prognosis, and future medical treatment, as well as the reasonableness and necessity of past medical bills and future medical expenses. . . . Plaintiff will supplement as required by the Texas Rules of Civil Procedure or further Court order as to any retained experts who may be called to provide expert testimony at the trial of this matter."

1998) (refusing to weigh relator's disputed allegations in his favor to find that an appeal would be inadequate).

Relator has not established that he is entitled to the extraordinary remedy of mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.