**Denied and Opinion Filed October 15, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01157-CV

### IN RE TUNAD ENTERPRISES, INC., Relator

**Original Proceeding from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-00618-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

In this original proceeding, relator complains of the trial court's September 12, 2018 order awarding monetary sanctions against relator and requiring relator to pay those sanctions before trial. Relator also seeks a determination of whether the trial court and this Court have subject matter jurisdiction over the contract claim in the underlying proceeding. Relator maintains that the designated plaintiff lacked capacity and standing to file the lawsuit and, as a result, neither the trial court nor this Court have subject matter jurisdiction over the case. The trial court has not yet ruled on relator's Rule 91a motion to dismiss in which relator asserts his jurisdictional arguments.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When a trial court imposes monetary sanctions, the party generally has an adequate remedy by appeal after final judgment. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex. 1986) (orig. proceeding) (per curiam).

Appeal will not afford an adequate remedy, however, if the imposition of monetary sanctions threatens a party's continuation of the litigation and the trial court orders the party to pay the sanctions before trial. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991). "The party opposing the sanctions has the burden to show that the pre-judgment payment of sanctions threatens his willingness or ability to continue the litigation." *In re Duncan*, No. 05-18-00674-CV, 2018 WL 3301600, at *1 (Tex. App.—Dallas July 5, 2018, orig. proceeding) (mem. op.).

Here, relator argues it lacks an adequate remedy on appeal because the trial court ordered relator to pay the monetary sanctions before trial and requiring such a payment will substantially harm relator and have a preclusive effect on relator's ability to continue to prosecute the case. Relator did not make this argument in the trial court and presented no evidence of the alleged harm. Accordingly, relator has not established that it lacks an adequate remedy on appeal. *See In re Cannon*, No. 04-04-00111-CV, 2004 WL 1732452, at *1 (Tex. App.—San Antonio Aug. 4, 2004, orig. proceeding) (mem. op.) (denying mandamus where relator failed to show sanctions threatened his willingness or ability to continue the litigation); *see also In re Knox*, No. 03-13-00614-CV, 2014 WL 538758, at *1 (Tex. App.—Austin Feb. 7, 2014, orig. proceeding) (mem. op.) (relator's conclusory statement that payment of sanctions would preclude her access to court was insufficient to meet burden of proof).

Relator also has an adequate remedy on appeal regarding the trial court's subject matter jurisdiction because relator may seek mandamus relief if the trial court denies the Rule 91a motion. *In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014) (denial of a Rule 91a motion to dismiss is subject to mandamus review). Moreover, it is premature to seek a writ of mandamus without the trial court first ruling on the very matters upon which relief is sought. *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 173 (Tex. App.—Houston [14th Dist.] 1994, no writ) (mandamus relief on jurisdictional issue premature where trial court has not yet ruled on it).

Based on the record before us, we conclude relator has an adequate appellate remedy on each of the issues asserted. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Craig Stoddart/
CRAIG STODDART
JUSTICE


181157F.P05