**In re Francisco LIMON, Rosenda Limon, Pedro Torres, and Sierra Welding Supply, Inc. d/b/a Airmix.**

No. 08–03–00449–CV.

Court of Appeals of Texas,
El Paso.

Dec. 4, 2003.

---

Colbert Coldwell, Guevara, Rebe, Baumann, Coldwell & Reedman, L.L.P., El Paso, for Relators.

Steven J. Blanco, Delgado, Acosta, Braden & Jones, P.C., Thomas E. Stanton, El Paso, for Interested Party.

Thomas E. Stanton, for Ricardo Torres.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION ON PETITION FOR WRIT OF MANDAMUS

DAVID WELLINGTON CHEW, Justice.

This is an original proceeding in mandamus. Francisco Limon, Rosenda Limon, Pedro Torres, and Sierra Welding Supply, Inc. d/b/a Airmix, Relators, seek a writ of mandamus requiring the Honorable Javier Alvarez, Judge, County Court at Law No. Three of El Paso County, Texas, to vacate or rescind his order dated March 11, 2003, which found that certain documents were privileged but fell within the crime-fraud exception. Relators also ask that the trial court be directed to grant their motion to seal the documents and prohibit their use by the Real Party in Interest, to disqualify counsel, and dismiss the underlying action.

For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. *Walker*, 827 S.W.2d at 840.

#### *Clear abuse of discretion*

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

#### *No adequate remedy by appeal*

■ An appellate court will deny mandamus relief if another remedy, usual-

ly appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986) (orig. proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989), *quoting* James Sales, ORIGINAL JURISDICTION OF THE SUPREME COURT AND THE COURTS OF CIVIL APPEALS OF TEXAS, IN APPELLATE PROCEDURE IN TEXAS, Sec. 1.4(1)(b) at 47 (2d Ed.1979).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

■ Relators have failed to establish that Respondent clearly abused his discretion by entering the March 11, 2003 order. Accordingly, we deny the relief requested in the petition for mandamus.

It is further ordered that the sealed original exhibits which were transmitted to this Court pursuant to an order of the trial court for our review in connection with the mandamus petition shall be returned to the official court reporter of the County Court at Law No. 3.