

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE: LOVING COUNTY APPRAISAL DISTRICT | § | No. 08-22-00243-CV |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | | |
| | § | IN MANDAMUS |
| | § | |

## O P I N I O N

Relator, Loving County Appraisal District (Loving CAD), filed a petition for a writ of mandamus seeking relief from an order issued by Judge Rodney Satterwhite, Senior Judge of the 441st Judicial District Court of Midland County sitting on the 143rd District Court of Loving County, denying its request for a temporary injunction. For the reasons set forth below, we deny the petition.

## BACKGROUND

Loving CAD alleges in its petition that it filed a lawsuit against Ysidro Renteria, both individually and in his capacity as a member of the Loving County Commissioner's Court, seeking a declaratory judgment that he is not qualified to be a member of Loving CAD board because he is not a resident of Loving County. It also named the other members of the Loving County

Commissioner's Court in their official capacities and asked the trial court for a writ of mandamus directing the Commissioner's Court to nominate a replacement board member in Renteria's place. The Commissioner's Court, which apparently has complete control over who sits on the Loving CAD board, sought to recall and replace all of the board members who supported the lawsuit. In response, Loving CAD filed an application for a temporary injunction to prevent the Commissioner's Court from recalling any of the board members. After a hearing, the trial court denied the application for a temporary injunction. This petition for a writ of mandamus followed.

## DISCUSSION

"Mandamus is an extraordinary remedy available only when a relator can show that the trial court clearly abused its discretion, and no adequate appellate remedy exists." *In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding). "An appellate court rarely interferes with a trial court's exercise of discretion." *In re Limon*, 130 S.W.3d 158, 159 (Tex. App.—El Paso 2003, orig. proceeding). To receive mandamus relief, the relator bears the burden of proving both that the trial court clearly abused its discretion and that it has no adequate remedy on appeal. *In re J.A.L.*, 645 S.W.3d at 924. Part of this burden includes providing this Court with a record sufficient to establish a right to relief. *In re Williams*, No. 08-22-00051-CV, 2022 WL 1210574, at *1 (Tex. App.—El Paso April 25, 2022, orig. proceeding) (mem. op.) (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)). The record must include "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(A)(1). Relator must also provide "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(B).

2

Loving CAD has not provided the Court with a record sufficient to establish its claim for relief. While it provided the trial court's order denying its application for a temporary injunction, it did not provide the underlying petition, its application for a temporary injunction, or the defendants' opposition to the application. Further, the petition filed with the Court establishes that the trial court held a hearing on the application for a temporary injunction on November 21, 2022. But Loving CAD did not include a transcript of the hearing, admitted exhibits, or a statement that no testimony was taken related to its application for a temporary injunction. Due to the insufficient mandamus record, we are unable to determine whether the trial court clearly abused its discretion in denying Loving CAD's application for a temporary injunction. *See In re Williams*, 2022 WL 1210574, at *1. As a result, we must deny Loving CAD's petition for a writ of mandamus.

## CONCLUSION

For the mentioned reasons, we deny Loving CAD's petition for a writ of mandamus.

LISA J. SOTO, Justice

March 2, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

3