**In re Brother Samuel MARTINEZ, Relator.**

No. 08–04–00054–CV.

Court of Appeals of Texas, El Paso.

April 8, 2004.

Francis Ainsa, Luther Jones, Jones & Georges, Mario J. Martinez, Sylvia M. Demarest, Dallas, Grady Chandler, Garland, for Respondent.

Robert A. Skipworth, El Paso, for Relator.

Before Panel No. 5, LARSEN, ANN CRAWFORD McCLURE, and ANDELL, JJ. ANDELL, J. (sitting by assignment).

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

This is an original proceeding in mandamus. Brother Samuel Martinez, Relator, seeks a writ of mandamus requiring the Honorable Richard Roman, Judge of the 346th District Court of El Paso County to vacate or rescind an order requiring Relator to produce certain medical records. Relator also requests that we stay the proceedings in the trial court. For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the

issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989), *quoting* James Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas,* in *Appellate Procedure in Texas,* § 1.4(1)(b) at 47 (2d Ed.1979).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us does not reflect that the trial court clearly abused its discretion by entering the order compelling discovery. Accordingly, we deny the relief

requested in the petition for mandamus and the motion for emergency relief.