**In re Jaime LUEVANO, Relator.**

No. 08–05–00192–CV.

Court of Appeals of Texas,
El Paso.

July 7, 2005.

**400**

Jaime Luevano, El Paso, relator pro se.

Sam M. Paxson, Presiding Judge, County Court at Law No. 1, El Paso, respondent.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Jaime Luevano, Relator, seeks a writ of mandamus requiring the trial court to "Review a Hearing and Grant a Hearing" in connection with a "Petition to Reinstate Driver's License" filed by Relator as a result of the administrative suspension of his driver's license for his refusal to submit a specimen of his breath for analysis. For the reasons stated below, we deny relief.

## STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### 1. *Clear abuse of discretion*

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

### 2. *No adequate remedy by appeal*

An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig. proceeding). Mandamus will not issue where there is " 'a clear and adequate remedy at law, such as a normal appeal.' " *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue " 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.' " *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979] ).

## APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

Relator is attempting to challenge the final judgment entered by County Court at Law Number 1, the Honorable Sam M. Paxson presiding, affirming the findings of the administrative law judge and ordering the surrender of Relator's driver's license. Said judgment is a final judgment and was signed on March 21, 2005. Relator's Petition for Writ of Mandamus requests that this Court grant a hearing in review of the trial court's judgment. Review of the judgment entered by the trial court is subject to review via the normal appellate process and is an adequate remedy, and thus intervention in trial court proceedings by appellate courts through the extraordinary remedy of writ of mandamus is not justified. *See Walker*, 827 S.W.2d at 840.

The record before us requests only that this Court review the hearing held by the trial court, review the judgment filed therein, and grant a hearing. Relator's remedy, if any, lies in appeal. Accordingly, we deny the relief requested in the petition for writ of mandamus.