**In re Jack CHISUM, Relator.**

**No. 08–05–00198–CV.**

Court of Appeals of Texas,
El Paso.

July 7, 2005.

Jack Chisum, Huntsville, relator pro se.

M. Brock Jones, Jr., Judge, 112th Judicial District Court Pecos County, Ozona, respondent pro se.

Kimberly L. Fuchs, Austin, for interested parties Mark Diaz, Richard Morris, Paul Weatherby, L. Lara, M. Smith and Douglas Dreike.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION ON PETITION FOR WRIT OF MANDAMUS*

ANN CRAWFORD McCLURE, Justice.

This is an original proceeding in mandamus. Jack Chisum, Relator, seeks a writ of mandamus requiring the trial court to "process and file without delay 'a fact's and conclusion' that ultimately led to the determinenation [sic] of dismissing plaintiffs civil action case against the defendants under said; [sic] title texas (state) tort claim act pursuant to chapter 14, ... and forward such necessary copies to the plaintiff ...." [sic] For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### 1. Clear abuse of discretion

An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be

arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

### 2. No adequate remedy by appeal

An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig. proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) *quoting* James Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas,* in *Appellate Procedure in Texas,* § 1.4(1)(b) at 47 (2d Ed.1979).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us indicates that Relator is pursuing an appeal in the underlying trial court action which has been docketed by this court as 08–05–00188–CV. The underlying trial court action involves the same matter about which the Relator requests that a mandamus be issued. Because Relator has an adequate remedy by

appeal, mandamus will not lie. Accordingly, we deny the relief requested in the petition for mandamus.