**In re the COUNTY OF EL PASO, Relator.**

No. 08–03–00190–CV.

Court of Appeals of Texas, El Paso.

May 1, 2003.

Bernardo Gonzalez, El Paso, for Respondent.

Jose R. Rodriguez, County Attorney, El Paso, for Relator.

James F. Scherr, Scherr & Legate, P.C., El Paso, for Interested Party.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

This is an original proceeding in mandamus. The County of El Paso, Relator, seeks a writ of mandamus requiring the Honorable Luis Aguilar, Judge of the 120th Judicial District Court of El Paso County, to vacate an order excluding certain testimony of Dr. Robert Bux due to an alleged discovery violation. Relator also requests that we stay all proceedings in the trial court, including a trial set for May 2, 2003. The Real Parties in Interest have filed a motion to dismiss or deny the motion for emergency stay as moot. Finding that the matters before us are moot, we deny the motion for emergency stay and the relief requested in the petition.

## STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989), *quoting* James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 (2d Ed.1979).

## APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

■ In this mandamus proceeding, the County complains of an order entered on April 16, 2003 clarifying a prior ruling which excluded certain testimony by an expert witness, Dr. Robert Bux, due to an alleged violation of a discovery deadline. Trial is set to begin on May 2, 2003. Since the filing of Relator's petition and motion for emergency stay, the Real Parties in Interest have withdrawn their objections to Dr. Bux's testimony based upon alleged untimely response to discovery deadlines. On April 30, 2003, the trial court vacated its April 16, 2003 order. Because the trial court has vacated its order, we conclude that the matters raised in this original proceeding are moot. Accordingly, the relief requested in the petition for writ of mandamus and the motion for emergency stay are denied as moot.

BARAJAS, C.J., not participating.