In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00475-CV

_____


IN RE ROBERT CHARLES KRAMER

_____

Original Proceeding
317th District Court of Jefferson County, Texas
Trial Cause No. F-225,237

_____

MEMORANDUM OPINION

In this mandamus proceeding arising out of discovery disputes in an ongoing

suit for divorce, Robert Charles Kramer (1) seeks to compel the trial court to vacate

an order directing him to respond to requests for admission in a criminal contempt

proceeding, and (2) seeks to compel the trial court to allow an inspection to occur of

his wife's computer so that he can refute her claim that he remotely accessed her

computer. The day after Robert filed his mandamus petition, the trial court granted

Nancy's motion to withdraw the requests for admission. Based on Nancy's motion

withdrawing the requests, the trial court set aside the order that it rendered, in which

1

Robert had been compelled to respond to the requests even though he had objected to responding on Fifth Amendment grounds.

We note that the requests that are at issue in this appeal were to be used in connection with a hearing seeking to hold Robert in contempt of court for communicating with Nancy through text messages in violation of the trial court's restraining order. In connection with the hearings the trial court conducted on Nancy's motion for contempt, Nancy propounded the requests, and when Robert objected to answering them, she filed a motion asking the trial court to hold Robert in criminal contempt and asked that he be jailed.

Generally, the Fifth Amendment is available in all proceedings, including civil proceedings, when the evidence being sought will entail self-incrimination. *See Maness v. Meyers*, 419 U.S. 449, 464 (1975). While a party's responses to requests for admissions cannot generally be used in other proceedings, in this case, the requests were designed to be used in a contempt proceeding in which Nancy sought to have Robert placed in jail. *See* Tex. R. Civ. P. 198.3(a); *see also Katin v. City of Lubbock*, 655 S.W.2d 360, 363 (Tex. App.—Amarillo 1983, writ ref'd n.r.e). Importantly, "[m]any constitutional rights are accorded criminal contemnors, including the privilege against self-incrimination." *Ex parte Werblud*, 536 S.W.2d 542, 547 (Tex. 1976). Consequently, a criminal contemnor cannot be compelled to

testify in the contempt proceeding. *Id.* Where the proceeding is for criminal contempt, the contemnor's attorney may assert his client's privilege against self-incrimination. *Id.* at 548.

After Robert filed his petition for mandamus, Nancy withdrew her requests for admission. Subsequently, the trial court set aside its order compelling Robert to answer the requests. As a result, this Court no longer needs to consider granting relief on the complaints Robert raised in his petition seeking mandamus relief regarding answering Nancy's requests for admission, as the requests were formally withdrawn and the trial court vacated its order compelling his response. *See In re County of El Paso,* 104 S.W.3d 741, 742 (Tex. App.—El Paso 2003, orig. proceeding). We hold that Robert's first issue, which asserts the trial court abused its discretion in compelling answers to Nancy's requested admissions, is moot.

In this proceeding, Robert also complains the trial court abused its discretion by refusing to grant his motion to compel Nancy to allow her computer to be inspected by a forensic expert. According to Robert's petition, he needed the inspection to refute Nancy's claim that he had remotely accessed her electronic devices. With respect to the trial court's ruling on Robert's request to have Nancy's computer inspected by an expert, the requested discovery does not go to the heart of the contested issues in the divorce action, which concerns a just and right division

of the parties' marital estate. Generally, appellate review of a court's collateral discovery rulings provides the parties with a remedy that is adequate for discovery complaints that concern matters that are collateral to the issues lying at the heart of the case. *See Able Supply Co. v. Moye*, 898 S.W.2d 766, 771 (Tex. 1995). We are not persuaded that the dispute over whether Robert remotely accessed Nancy's computer will prove relevant to the division the trial court will ultimately make of the parties' marital estate. We hold that Robert has an adequate appellate remedy regarding the inspection he requested concerning Nancy's computer. Accordingly, we deny Robert's petition as well as all pending motions before us in this original proceeding.

PETITION DENIED.

PER CURIAM

Submitted on January 6, 2017
Opinion Delivered January 19, 2017

Before Kreger, Horton, and Johnson, JJ.

4