FILED
17-0818
12/22/2017 11:17 AM
tex-21458098
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# NO. 17-0818

==================================================================

## IN THE SUPREME COURT OF TEXAS
## AUSTIN, TEXAS

==================================================================

In re VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC., *Relators*

==================================================================

From the 93rd Judicial District Court of Hidalgo County, Texas
Cause No. C-1269-16B,
Honorable Rudy Delgado, presiding

==================================================================

## RESPONSE TO THE PETITION FOR WRIT OF MANDAMUS

==================================================================

Lorien Whyte
lorienwhyte@pozzaandwhyte.com
State Bar No. 24042400
Dan Pozza
danpozza@pozzaandwhyte.com
State Bar No. 16224800
POZZA & WHYTE, PLLC.
239 East Commerce Street
San Antonio, Texas 78205
Telephone: 210-226-8888
Facsimile: 210-222-8477

Anthony F. Constant
office@constantlawfirm.com
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax

*Attorneys for Pharr-San Juan-Alamo Independent School District*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... ii

INDEX OF AUTHORITIES ............................................................................. iii

SUMMARY OF ARGUMENT ............................................................................1

PROCEDURAL HISTORY .................................................................................2

ARGUMENT ......................................................................................................4

    A.    The petition for writ of mandamus has been rendered moot by the trial court's willingness to move the trial to February 5, 2018. ......................................4

    B.    The remaining unbriefed complaints should not remain pending before this Court. ........................................7

        1.    The unbriefed discovery complaints do not present any error that is subject to mandamus review. ..............................................................7

            a.    Orders related to "49 million emails" (Tabs 16-17 of relators' Amended Emergency Motion). ........................................7

            b.    Remaining discovery orders (Tabs 9-15 of relators' Amended Emergency Motion). ....................................................9

            c.    Joinder Order. ..............................................11

        2.    There is no reason to continue this proceeding based on numerous unspecified discovery complaints. ..........................................12

        3.    It is not judicially efficient to maintain an extraordinary writ on the Court's docket when the only briefed issue addressed in the petition for writ of mandamus is moot ....................................13

PRAYER ..........................................................................................................15

TRAP 52.3(J) CERTIFICATION ....................................................................17

CERTIFICATE OF COMPLIANCE ...............................................................17

CERTIFICATE OF SERVICE .........................................................................18

# INDEX OF AUTHORITIES

**Case(s)**                                                                                            **Page(s)**

*Gen. Motors Corp. v. Gayle*,
       951 S.W.2d 469 (Tex. 1997) (orig. proceeding) ...........................................15

*In re Allied Chem. Corp.,*
       227 S.W.3d 652 (Tex. 2007) (orig. proceeding) .............................................6

*In re Bernard,*
       99 S.W.3d 929
       (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)............................5

*In re County of El Paso,*
       104 S.W.3d 741 (Tex. App.—EI Paso 2003, orig. proceeding).....................5

*In re Duncan,*
       62 S.W.3d 333 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) .....5

*In re Fackrell,*
       No. 12-10-00086-CV, 2010 WL 3232250
       (Tex. App.—Tyler Aug. 17, 2010, orig. proceeding) ....................................5

*In re Home State County Mut. Ins. Co.,*
       No. 12-07-00062-CV, 2007 WL 1429584
(Tex. App.—Tyler May 16, 2007, orig. proceeding) ..................................................5

*In re Kellogg Brown & Root, Inc.,*
       166 S.W.3d 732, (Tex. 2005) (orig. proceeding) ...........................................5

*In re Prudential Ins. Co. of Am.,*
       148 S.W.3d 124 (Tex. 2004) (orig. proceeding) ...........................................13

*In re Scoggins Const. Co., Inc.,*
No. 13-08-00548-CV, 2008 WL 4595202
(Tex. App.—Corpus Christi Oct. 15, 2008, mand. denied) ..........................12

*Walker v. Packer,*
827 S.W.2d 833 (Tex. 1992) (orig. proceeding) ...................................10, 13

**Rules**                                                                  **Page(s)**

Tex. R. App. P. 52.1......................................................................................14

Tex. R. App. P. 52.3(e) ................................................................................14

Tex. R. App. P. 56.2......................................................................................6

**TO THE HONORABLE SUPREME COURT OF TEXAS:**

Real Party in Interest, Pharr-San Juan-Alamo Independent School District (Pharr ISD) files this Response to the Petition for Writ of Mandamus as follows:

## SUMMARY OF ARGUMENT

### The Briefed Issue

Pharr ISD is unopposed to granting the relief requested by relators in their sole briefed issue. Relators request that this court "direct the trial court to (1) vacate its rulings denying Relators' motions for continuance, (2) continue the trial setting to February 5, 2017[sic], (3) issue a new scheduling order…" *Petition at 30*. The trial court has indicated its willingness to move the trial setting to February 5, 2018, and Pharr ISD is unopposed.

### The Unbriefed Issues

Relators have indicated in their Supplemental Petition for Writ of Mandamus that they intend to mandamus nine orders they have attached to their Amended Emergency Motion should this Court order full briefing on the merits. *Amended Emergency Motion Tabs 9-17*. Relators also list one unbriefed issue regarding joinder in their petition for writ of mandamus. However, none of the orders that have been issued by the trial court require correction via mandamus review. Pharr ISD addresses the unbriefed issues in Section B, 1.

1

# PROCEDURAL HISTORY

On October 5, 2017, relators VCC, LLC, Vratsinas Construction Co., Nato Garcia d/b/a Nato Garcia Company, and Phi Service Agency, Inc. ("relators") filed the underlying petition for writ of mandamus. *See Petition for Writ of Mandamus.* The following day, on October 6, 2017, relators filed an Emergency Motion for Temporary Relief Arising from Hurricane Harvey. *See Emergency Motion for Temporary Relief.* The Emergency Motion requested a stay of: (1) the discovery deadline; (2) the November 27 trial setting; and (3) any further ruling by the trial court regarding deadlines (unless it grants a continuance until February 5, 2018). *Id.* at 18.

On October 30, 2017, relators filed an Amended Emergency Motion for Temporary Relief Arising from Hurricane Harvey. *See Amended Emergency Motion.* The Amended Motion added a request that this Court stay "the October 25 order regarding the 49 million emails." *Id.* at 23 (October 25, 2017 order found in Tab 14 of Relators' Amended Motion).

On October 31, 2017, this Court issued an order that stayed the following: (1) the trial court order issued October 24, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and (2) the trial court order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel. *October 31, 2017 Order.* The order

also requested that real parties in interest file a response to the petition for writ of mandamus. *Id.*

On November 2, 2017, Pharr ISD filed in the trial court a Motion to Enter Proposed Fourth Amended Discovery Control Order and Trial Setting, requesting that the trial date be moved to February 5, 2018. *Supp. Mandamus Record Tabs 6, 8.* Shortly after Pharr ISD filed its request asking for the February 5, 2018 trial setting, relators filed a Supplement to Petition for Writ of Mandamus in this Court, informing this Court of their intent to add multiple other complaints relating to the discovery rulings if this Court grants briefing on the merits. *See Supplement to Petition for Writ of Mandamus.*

On November 13, 2017, the trial court held a hearing on Pharr ISD's motions. *Supplemental Mandamus Record Tab 9.* The trial court indicated its desire to move the trial date to February 5, 2018, but was concerned that it did not have the authority to do so due to this Court's October 31, 2017 order granting the stay. At that time, the trial court declined to sign the order. *Id. at 44.*

On November 14, 2017, Pharr ISD filed a Motion to Clarify this Court's October 31, 2017 Order Granting Stay, Or, Alternatively, Motion to Lift Stay In Part. After this Court ordered relators to file a response, and Pharr ISD subsequently filed a reply in support of the motion, this Court issued a Revised Stay Order on December 15, 2017. *December 15, 2017 Order.* The revised order provided that: "The trial court is also stayed from issuing further discovery and trial deadlines

3

pending further order of this Court." *Id.* As a result, Pharr ISD files this Response to the Petition for Writ of Mandamus.

## ARGUMENT

**A. The petition for writ of mandamus has been rendered moot by the trial court's willingness to move the trial to February 5, 2018.**

The basis of relators' petition for writ of mandamus was that the trial court erred by not continuing the trial setting to February 5, 2018 and entering a new scheduling order. *Petition* at 30. Specifically, relators limited their request to the following: "Relators respectfully request that this Court grant their Petition for Writ of Mandamus and direct the trial court to (1) vacate its rulings denying Relators' motions for continuance, (2) continue the trial setting to February 5, 2017[sic], (3) issue a new scheduling order, and (4) grant Relators' motion for leave to file a third-party petition against Armko Industries, Inc." *Id*.

And, on October 30, 2017 in their Amended Emergency Motion, relators reiterated their position: "Granting a stay of the discovery deadline and the trial setting—and ultimately granting mandamus relief—will cure much of this harm. It will allow the affected law firms [sic] fully recover from the storm. It will allow the parties to complete the necessary depositions and to review and process the millions of emails." *Amended Emergency Motion* at 17-18. The trial court has indicated its intent to give

relators the very relief they sought via mandamus from the court of appeals and now this Court. The petition for writ of mandamus is now moot.

Texas courts have consistently held that a mandamus is moot when a trial court vacates or sets aside the order made the basis of a petition for writ of mandamus. *See, e.g., In re Fackrell*, No. 12-10-00086-CV, 2010 WL 3232250, at *4, n.4 (Tex. App.—Tyler Aug. 17, 2010, orig. proceeding) ("a trial court can render a petition for writ of mandamus moot by withdrawing the order at issue."); *In re Home State County Mut. Ins. Co.*, No. 12-07-00062-CV, 2007 WL 1429584, at *2 (Tex. App.—Tyler May 16, 2007, orig. proceeding) (same); *In re County of El Paso*, 104 S.W.3d 741, 743 (Tex. App.—El Paso 2003, orig. proceeding) (dismissing mandamus proceeding as moot after trial court vacated order that formed the basis of the petition for writ of mandamus); *In re Bernard*, 99 S.W.3d 929, 929 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (same); *In re Duncan*, 62 S.W.3d 333, 334 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (same). The trial court has indicated its willingness to do so if allowed by this Court.

And, this Court has been clear that "[a] case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root*, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The controversy over the trial date is now over since the trial court is willing to give relators the only date they have ever asked for: February 5, 2018. Granting mandamus

5

relief at this point would be useless and unavailing, which is an improper use of a petition for writ of mandamus. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 666 (Tex. 2007) (orig. proceeding). Therefore, the trial court should be allowed to grant the February 5, 2018 trial date and the petition for writ of mandamus should be dismissed as moot pursuant to Texas Rule of Appellate Procedure 56.2.

Relators have never requested from the trial court any trial date other than February 5, 2018. Relators have also never pinpointed a specific trial date beyond February 5, 2018 for this Court to consider. In their Amended Emergency Motion, they simply argued: "In their mandamus petition, Relators seek a writ directing the trial court to grant a continuance to the February 5, 2018 back-up trial date. Given everything that has transpired in the last three weeks, even that date may not be enough. But the most important thing is to stay what is currently happening in Hidalgo County." *Amended Emergency Motion* pg. 3, n.2.

Therefore, the only request that has ever been made to the trial court and this Court is to move the trial setting to February 5, 2018. There is no request that has been refused that could support mandamusing the trial court and ordering a trial setting beyond February 5, 2018.

## B. The remaining unbriefed complaints should not remain pending before this Court.

The only issue briefed in the petition for writ of mandamus pertains to the trial setting. *Petition* at 11. Relators' second issue presents an unbriefed complaint that the trial court failed to grant relators' motion for leave to file a third-party petition against the company *Armko*. *Id*. But relators' unbriefed complaints do not end there. Shortly after Pharr ISD requested the new trial setting of February 5, 2018, relators filed a supplement to their petition for writ of mandamus, attempting to expand this Court's review to an unspecified number of discovery rulings should this Court grant briefing on the merits. *See Supplement to Petition for Writ of Mandamus*.

### 1. The unbriefed discovery complaints do not present any error that is subject to mandamus review.

Relators' Supplement to Petition for Writ of Mandamus indicates relators intend to incorporate the orders attached to their Amended Emergency Motion if this Court orders full briefing on the merits. (Relators attached orders labeled Tabs 9-17 to their Amended Emergency Motion). However, none of the rulings that resulted in those orders warrant mandamus relief.

### a. Orders related to "49 million emails" (Tabs 16-17 of relators' Amended Emergency Motion).

In their Amended Emergency Motion, relators complained that there were "49 million emails" they needed to review. *Amended Emergency Motion 13-14*. However,

7

the "49 million emails" that have been generated by Pharr ISD are the result of two orders entered by the trial court <u>at the request of relators</u>. On October 3, 2017, relators were made aware that the searches relators requested generated 49 million emails. *Supp. Mandamus Record Tab 3* (October 3, 2017 letter from Pharr ISD indicating relators' search terms generated over 49 million emails). Then, on October 10, 2017 the trial court entered the first order which required Pharr ISD "to conduct electronic searches of the term provided by VCC's counsel at the hearing of August 21, 2017 and in the letter of September 22, 2017 and provide the required (non-privileged) documents to counsel for VCC on or before 5:00 p.m. on October 2, 2017 in either paper or electronic form." *Supp. Mandamus Record Tab 4* (Tab 16 of relators' Amended Emergency Motion). The second order, entered on October 18, 2017, granted relators' "Motion to Compel E-Mails" and ordered Pharr ISD to produce "any and all e-mails found by implementing the 160 search terms that Plaintiff, VCC, LLC, provided to Defendant, Pharr-San Juan Alamo Independent School District on September 22, 2017." *Id. at Tab 5* (Tab 17 of relators' Amended Emergency Motion); *Tab 10, Exhibit A, pg. 375* (September 22, 2017 letter from relators with 160 search terms that returned millions of emails); *Tab 2* (Pharr ISD's response to September 22, 2017 request for production).

Both orders were submitted by relators to the trial court requesting they be signed and entered. *Tabs 4 & 5*. Pharr ISD produced the original documents by providing direct access to the server holding the archives. *Tabs 2 & 10*.

The "49 million emails" are the direct result of the trial court granting relators the very relief they asked for, ordering production of seven years of archived emails on the District's server using 160 terms chosen by relators. *Id*. Therefore, the unbriefed complaint regarding the "49 million emails" does not present any abuse of discretion.

> **b.** **Remaining discovery orders (Tabs 9-15 of relators' Amended Emergency Motion).**

The orders found at Tabs 9-15 of relators' Amended Emergency Motion all sustain an objection to an identical request for production for "All documents and communications regarding..." or "related to" or "reflecting" something where "document" includes all personal text, email, and internet messages of all of Pharr ISD's thousands of employees. *Amended Emergency Motion Tabs 9-15*.[1] Tabs 9 through 14 are the individual rulings on the objections, and Tab 15 is the order that encompasses all of the individual rulings. *Id*. All of the orders sustain the same objection to the same requests which defined "document" as:

> The term 'document' also includes any electronically stored information including text messages; emails from all email accounts, whether personal or for work; data; wall postings; and images sent and/or received via any social networking or internet site, including Facebook, Twitter, and MySpace.

---

[1] Note that the October 25, 2017 order that was the subject of relators' Amended Emergency Motion to Stay, and subsequently this Court's stay entered on October 31, 2017, merely sustained objections to relators' requests for production. *Amended Emergency Motion Tab 14*.

9

*Supp. Mandamus Record pg. 7, Tab 1; Tab 12* (Pharr ISD's Response to First Request for Production). The request requires respondent to read each text message and email to determine if it resulted from the category in the request. There was no error in sustaining the objection. Nothing about these orders requires correction.

Relators are asking this Court to freeze the trial court's discretionary ability to manage its own docket and evolve with a fluid case when it has shown a willingness to accommodate the parties. Relators want to deprive the trial court of its role and substitute this Court as the discovery master over the myriad of discovery matters that may need to be addressed in this case.

Those types of discovery matters are properly relegated to the trial court. Yet, relators would like this Court to step in and become the parties' trial court. Relators should not be permitted to deprive the trial court of its role and flood this Court with all of the discovery issues that are appropriately within the trial court's discretion and that are not the subject of this mandamus proceeding.

This Court has long held that without imposing significant restrictions on mandamus review, "appellate courts would 'embroil themselves unnecessarily in incidental pre-trial rulings of the trial courts' and mandamus 'would soon cease to be an extraordinary writ.'" *Walker*, 827 S.W.2d at 842 (citing *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex. 1991)). That is exactly what relators are seeking.

### c. Joinder Order.

Relators provide the following in their Issues Presented:

> **(Unbriefed Issue)** The joinder deadline (April 7) passed before the parties had taken *any* depositions in the case. In early August, two of the school district's experts testified at depositions that a third party—Armko Industries, Inc.—potentially shared responsibility for its alleged damages. Armko was the consultant who inspected, approved, and warranted the "building envelope" for the schools at issue. Within a week after the depositions, Relators filed a motion for leave to file a third-party petition against Armko. Did the trial court abuse its discretion by denying the motion for leave?

*Petition at 11.*

However, the trial court did not abuse its discretion when it made its ruling on the joinder issue. VCC deliberately chose not to join Armko even though on April 7, 2017 (which was also the joinder deadline) relators designated Armko as a responsible third party. *Supp. Mandamus Record Tab 11.* Relators' petition indicates that in early August two witnesses testified that Armko "potentially shared responsibility for its alleged damages." *Petition at 11.* But clearly back in April of 2017 relators already knew that Armko "potentially shared responsibility for [the] alleged damages" since relators designated Armko as a responsible third party. The trial court did not abuse its discretion by enforcing a joinder deadline in a discovery control order when VCC knew Armko was a responsible third party who "potentially shared responsibility for [the] damages" at the time of the joinder deadline.

11

Furthermore, a complaint regarding the trial court's denial of the motion for leave to file a third-party petition against Armko is not subject to mandamus review. *See, e.g., In re Scoggins Const. Co., Inc.*, No. 13-08-00548- CV, 2008 WL 4595202, at *1 (Tex. App.—Corpus Christi Oct. 15, 2008, mand. denied).

### 2. There is no reason to continue this proceeding based on numerous unspecified discovery complaints.

It is unclear which rulings relators intend to challenge and how many of them there are since the complaints have never been briefed to this Court. Relators have failed to adequately describe the additional issues they intend to incorporate in this extraordinary writ should this Court order briefing on the merits. In their Supplemental Petition, relators inform this Court that "Relators file this supplement to clarify that their petition for writ of mandamus presents the issues stated in their original petition, as well as all issues and orders discussed in and attached to their amended emergency motion." *Supplement to Petition for Writ of Mandamus* at 2. However, even the Amended Emergency Motion is unclear as to what rulings will be challenged.[2] As previously discussed, there are no less than **nine orders** attached to the Amended Emergency Motion, most of which are never even mentioned relators' motion.

---

[2] On page 2 of their Amended Emergency Motion, relators indicate their intent to challenge several discovery rulings." *Amended Emergency Motion* at 2, n.1.

Then, on page 13, relators assert: "VCC believes that many if not all of these rulings constitute an abuse of discretion and will include challenges to some of them in this original proceeding should the Court ask for briefing on the merits." *Amended Emergency Motion* at 13.

Relators are attempting to use what is a very limited issue before this Court (the denial of a motion for continuance) and turn it into a vehicle by which they can ask this Court to consider a number of "discovery rulings" and a ruling on a motion for leave to file a third-party petition. None of which have been properly identified nor briefed for this Court.

The current proceeding is brought on by the filing of an extraordinary writ where relators have the high burden of establishing the trial court abused its discretion and that relators lack an adequate remedy by appeal *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). The lack of identification of the specific issues and the lack of briefing on the infinite number of issues leaves this Court without the ability to even make a threshold determination as to whether this extraordinary review is warranted.

**3. It is not judicially efficient to maintain an extraordinary writ on the Court's docket when the only briefed issue addressed in the petition for writ of mandamus is moot.**

Relators contend that for the sake of judicial efficiency "those issues" should be part of this mandamus proceeding rather than to file a concurrent proceeding in the court of appeals. *Supplement to Petition for Writ of Mandamus* at 2. Relators provide no support for this Court to continue on its docket unbriefed and unidentified complaints when the only briefed complaint has been rendered moot. Relators simply cite to Texas

13

Rule of Appellate Procedure 52.1(e). *Id*. However, Rule 52.1 addresses the commencement of a petition for writ of mandamus with the clerk and the appropriate caption that is necessary. Tex. R. App. P. 52.1. There is no subsection "(e)" in Rule 52.1.

To the extent relators intended to cite to Texas Rule of Appellate Procedure 52.3(e), which addresses the Court's jurisdiction, there is no basis here to skip the court of appeals and retain the proceeding on this Court's docket when the sole issue before the Court is now moot and the remaining issues are not identified or briefed. Rule 52.3(e) requires that a petition be presented to the court of appeals before being filed in the Supreme Court, unless there is a compelling reason not to do so. Tex. R. App. P. 52.1. There are no "compelling reasons" here for this Court to retain this petition on its docket and address the unidentified, unbriefed, and unknown number of issues, since the sole basis of the petition is now moot. There is nothing efficient about retaining a case on the Court's docket and requiring Pharr ISD to respond to unrelated issues.

In their Amended Emergency Motion to Stay, relators cited *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding) when referring to the "other error" they intend to later address. *Amended Emergency Motion* at 21, n.6. To the extent relators' reliance on this Court's opinion in *General Motors* is to argue additional issues should be decided in this mandamus proceeding, *General Motors* is unpersuasive. In *General Motors*, this Court determined that there were "special

14

circumstances" that warranted the Court issuing mandamus relief from the trial court's order denying a jury trial since it was already issuing mandamus relief on the improper crash-test order. *See Gen. Motors*, 951 S.W.2d at 477.  This Court should not be lured into deciding unrelated and unbriefed issues that are not typically subject to mandamus especially when the sole issue that was the subject of the petition is now moot.

### PRAYER

Pharr ISD requests this Court deny the petition for writ of mandamus. Alternatively, Pharr ISD requests this Court either reconsider its stay order and authorize the trial court to reset the trial date to February 5, 2018 without the issuance of mandamus relief, or issue a limited and conditional writ directing the trial court to set the case for February 5, 2018.  Relator further requests that all other relief requested be denied.  Relator further prays for any additional relief to which it may be entitled.

/s/ Lorien Whyte

POZZA & WHYTE, PLLC
Dan Pozza
State Bar No. 16224800
Lorien Whyte
State Bar No. 24042440
239 East Commerce Street San
Antonio, Texas 78205 (210) 226-
8888 – Phone
(210) 222-8477 – Fax
lorienwhyte@pozzaandwhyte.com

15

Juan J. Hinojosa
State Bar No. 09701400
THE HINOJOSA LAW FIRM, P.C.
612 West Nolana Ave., Ste. 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Fax: (956) 686-8462
jjhinojosa@bizrgv.rr.com


Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com


Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com


Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Anthony F. Constant
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S Corpus
Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

*Attorneys for Pharr-San Juan-Alamo Independent School District*

## TRAP 52.3(J) CERTIFICATION

I certify that I have reviewed *Real Parties in Interest's Response to the Petition for Writ of Mandamus* and have concluded that every factual statement in the petition is supported by competent evidence included in the record before this Court.

/s/ Lorien Whyte

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the typeface and word-count requirements set forth in the Texas Rules of Appellate Procedure. This document was prepared with Microsoft Word, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 3648 words using 14-point typeface for all text, except for footnotes which are in 12-point typeface, which is less than the word count allowed by Texas Rule of Appellate Procedure 9.4(i)(2)(D).

/s/ Lorien Whyte

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2017, a true and correct copy of the above and foregoing Response was forwarded via electronic transmission, to:

The Honorable Rudy Delgado
Hidalgo County Courthouse
100 N. Closner
2nd Floor
Edinburg, Texas 78539

Jessica Z. Barger
Bradley W. Snead
Wright & Close, LLP
One Riverway, Suite 2200
Houston, Texas 77056

Gil P. Peralez
Chris Franz
Peralez Franz, LLP
1416 W. Dove Ave.
McAllen, Texas 78504

Patrick E. "Gene" Blanton
Stephen C. Bolline II
Slates Harwell, LLP
1700 Pacific Avenue, Suite 3800
Dallas, Texas 75201-4761

Keith N. Uhles
Esteban Delgadillo
55 Cove Circle
Brownsville, Texas 78251

Andrew J. McCluggage
Pierce T. Cox
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056

David Funderburk
Diane Davis
Funderburk Courtois LLP
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

/s/Lorien Whyte